IN THE UNITED STATES COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION AT DAYTON

WARREN EASTERLI NG

71 ARLINGTON AVE.

DAYTON, OH. 45417-1901

937-263-1913

    Plaintiff

                                           COMPLAINT FILED BY PLAINTIFF

       VS.                                WITH ONE FEDERAL QUESTION

JEFFREY SESSIONS

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

    Defendant

1

The Plaintiff, in his claims for relief, state the following:

1. In violation of Title 42 U.S.C. 1985 the Defendant's subordinate judge are obstructing justice and depriving a persons of rights granted to all citizens by failing to hear multiple motions for injunctive relief in an expeditious manner.

2. The Defendant's subordinate judges are guilty of violating the Plaintiff's right equal protection of stare decisis in reference to the ruling in **Ex Parte Young 209 U.S. 123(1908)**, in violation of title 42 U.S.C. 1985.

## JURISDICTION

As authorized by Title 28 U.S.C. 1331, jurisdiction is proper for this original action to be heard in federal district court (see federal question jurisdiction).

## LIABILITY

The doctrine of respondeat superior confirms the Defendant is responsible for the actions of his subordinates.

## IMMUNITY

As done in the ruling in **Ex Parte Young 209 U.S. 123(1908)**, the Defendant is being stripped of his official capacity as Attorney General to face the instant complaint as an individual citizen with the use of the **stripping doctrine.**

2

The Plaintiff, for his complaint, states the following:

The instant complaint against the Defendant is only in reference to the acts of a subordinate judge where the Defendant is liable.

I.

In case 3:16 cv 340 caption Warren Easterling vs. Cassano's Inc. et.al. filed in the U.S. district Court located in Dayton, Ohio on August 11, 2016, The Plaintiff filed a Rule 65B motion for injunctive relief on January 17, 2017 which has never been heard by the court as presided over by Judge Thomas Rose.

II.

In case 3:17 cv 067 captioned Warren Easterling vs. TJK-ELS WEST END INC. DBA DOMINO'S PIZZA filed Feb. 27, 2017, a Rule 65B motion for injunctive relief was filed on March 10, 2017 and it too has not been heard by the court creating the distinct reality of the court being hostile towards granted injunctive relief on behalf of the Plaintiff. The Plaintiff's rights as granted by Rule 65B are being violated.

III.

In case 3:16 cv 375 captioned Warren Easterling vs. Lorretta Lynch (former U.S. Attorney General) filed August 30 2016 in the U.S. District Court in Dayton, Oh. the court is violating the Plaintiff's right to stare decisis in regards to service being

perfected where the court claims the U.S. Attorney's office has to be served for service to be complete.

The case is against the U.S. Attorney General stripped of her official capacity as attorney general where she would face the complaint as an individual as was done in ***EX Parte Young 209 U.S. 123(1908)*** where the court cannot infer the United States is being sued and require serving the U.S Attorney pursuant to Fed. Civ. R. P. 4(i) when the rules support doing any of the following:

(A) Delivering a copy of the summons and of the complaint to the individual personally;
(B) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; where service was made to a usual place of the Defendant's abode on Sept. 6, 2016.

On 3/22/2017 an order was issued signed by Magistrate Michael Newman requiring the Plaintiff to complete service or face dismissal of the complaint when service has been perfected on 9/6/2016. The issue being there is 21 days for an individual to respond to a complaint as compared to 60 to 100 days allowed for the United States as a Defendant to answer the complaint where this time does not commence until service has been completed.

If the Magistrate is able to violate the Plaintiff's rights to stare decisis as related to the ruling in Ex Parte Young, the court can delay ruling on a case which is effectively ripe based on perfected service on 9/6/2016 to 60 to 100 days after the U.S, Attorney is served.

## COUNT ONE

### VIOLATION OF TITLE42 U.S.C. 1985 –OBSTRUCTING JUSTICE AND DEPRIVING ONE OF RIGHTS GRANTED TO ALL CITIZENS

### AS PROVED BY:

1. The motion for injunctive relief(exhibit #1) was filed with the court on jan.17, 2017 as argued in part I of the instant complaint.
2. Rule 65B confirms the Plaintiff is entitled to injunctive relief without notification of the opposing party.

3. The court has not acted on this motion, where expeditious handling of the motion is required.
4. The Defendant's subordinates are guilty of obstructing justice and depriving persons of rights granted to all citizens.

## COUNT TWO

### VIOLATION OF TITLE   42 U.S.C. 1985 –OBSTRUCTING JUSTICE AND DEPRIVING ONE OF RIGHTS GRANTED TO ALL CITIZENS

### AS PROVED BY:

1. As taken from part II of the instant complaint, the Rule 65B motion was filed on March 10, 2017.
2. Rule 65 B confirms the Plaintiff is entitled to injunctive relief without notification of the opposing party.
3. The motion has not been heard by the court in an expeditious manner.
4. The Defendant's subordinates are guilty of obstructing justice and depriving persons of rights granted to all citizens.

## COUNT THREE

### VIOLATION OF THE PLAINTIFF'S RIGHT EQUAL PROTECTION OF STARE DECISIS   IN REGARDS TO THE RULING IN *EX PARTE YOUNG 209 U.S 123(1908)*

### VIOLATION OF TITLE 42 U.S.C.1985 –OBSTRUCTING JUSTICE AND DEPRIVING PERSONS OF RIGHTS GRANTED TO ALL CITIZENS

### AS PROVED BY:

1. As taken from part III the Defendant's subordinate magistrate issued an order (exhibit #3) requiring service by perfected by serving the U. S.

    Attorney when the rules support serving an individual at their place of abode.

2. The magistrate is denying the Plaintiff the benefit of stare decisis in the Ex Parte Young ruling.
3. The magistrate is claiming that the 90 days to perfect service as per Fed. Civ. R. P. 4(m) has expired when service has been perfected on 9/6/2016

4. to afford the court the opportunity to obstruct justice by causing unnecessary delay to rendering judgment in the case

### FEDERAL QUESTION

Is the Defendant guilty of violating Title 42 U.S.C. 1985 by obstructing justice and depriving persons of rights granted to all citizens and violating the Plaintiff's right to equal protection of stare decisis in counts one, two and three of the instant complaint?

WHEREFORE, THE Plaintiff ask the court to answer the federal question in the affirmative requiring the following specific performances:

1. Immediately grant injunctive relief as requested in exhibit #1.
2. Immediately grant injunctive relief as requested in exhibit #2.
3. Immediately confirm service being complete on 9/6/2016 and require an immediate ruling on this case which is ripe for decision.

Truly,

*[signature]*

Warren Easterling

Plaintiff/Attorney Pro Se

71 Arlington Ave.

Dayton, Oh. 45417

937.263.1913

likesprettyfeet@yahoo.com