# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

                Plaintiff,    :    Case No. 3:17-cv-101

                                                      District Judge Walter Herbert Rice
- vs -                                      Magistrate Judge Michael R. Merz

JEFFREY SESSIONS,

                Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      In this case Plaintiff Warren Easterling sued Jeffrey Sessions, the Attorney General of the United States, in an effort to have this Court compel the Attorney General to direct his "subordinate judges," The Honorable Thomas M. Rose and The Honorable Michael J. Newman, to take certain actions in cases pending before those Judges in this Court including 3:16-cv-340, 3:16-cv-375, and 3:16-cv-067. (Complaint, ECF No. 3).  Upon initial review prior to issuance of process, the undersigned, to whom the case had been randomly assigned by the Clerk, filed a Report and Recommendations recommending the case be dismissed with prejudice because neither Judge Rose nor Judge Newman is a "subordinate judge" of Attorney General Sessions (Report and Recommendations, ECF No. 4, PageID 48).  Mr. Easterling has objected (ECF No. 5) and District Judge Walter Rice, to whom this case was also randomly assigned upon filing, has recommitted the case for consideration of the Objections under Fed. R. Civ. P. 72(b).

1

Mr. Easterling first objects that Judges Rose and Newman must be subordinates of the Attorney General because when Congress created the Department of Justice in 1870, it required the Attorney General to "supervise and direct the administration and operation of the offices, boards, divisions, and bureaus that comprise the Department." (ECF No. 5, PageID 50). The Federal Judiciary is a separate branch of the federal government, created directly by Article III of the Constitution.  It is not now nor has it ever been part of the Department of Justice.

Mr. Easterling secondly objects to the constitutionality of "28 U.S.C. § 1917(e)" review (ECF No. 5, PageID 52). This Court's review was in fact conducted under 28 U.S.C. § 1915(e)(2) which was adopted by the Congress as part of the Prison Litigation Reform Act of 1995. As the Report notes, the Supreme Court has held that review under this section and its predecessors is appropriately done by the Court prior to issuance of process so as to spare prospective defendants the expense and inconvenience of answering frivolous complaints. So it is not an obstruction of justice or somehow acting as a representative of the Attorney General for the Court to find the Complaint to be frivolous without allowing Plaintiff to use court process to impose on the time of the United States Attorney who would have to respond, as well as the time of the United States Marshal who would have to effect service of process. As Mr. Easterling well knows from his prior experience in this Court, he could have avoided § 1915 review by paying the filing fee. Mr. Easterling complains of the chilling effect of § 1915, but that is precisely what Congress intended.

Mr. Easterling's third objection is that Dstrict Judge Rice and Magistrate Judge Merz should recuse themselves from this case because Mr. Easterling has accused them, in a case filed against Mr. Sessions predecessor, Loretta Lynch, of conspiring against him.  The fact that a

judge is disqualified from presiding in a case in which he or she is accused of wrongdoing does not make him disqualified from presiding in all cases involving the same plaintiff.

**Conclusion**

Upon review of the Objections, the Magistrate Judge adheres to his prior conclusion: the Complaint should be dismissed with prejudice.

April 1, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).